IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| APRIL MCCORMICK, *et al.*, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | Civil Action No. 3:06-CV-0127-N |
| § | | |
| 7-11, INC. *et al.*, § | | |
| § | | |
| Defendants. § | | |

**ORDER**

This order addresses Defendants 7-Eleven, Inc. ("7-Eleven"),[1] Certegy Check Services, Inc. ("CCS"), and Certegy Payment Recovery Services, Inc.'s ("CPRS") motion to dismiss under Federal Rules of Civil Procedure 12(c) [105]. For the reasons explained below, the Court grants in part and denies in part Defendants' motion.

**I. FACTUAL BACKGROUND**

On or about January 6, 2005, Plaintiff McCormick proffered a check to 7-Eleven in the amount of $11.91, which was later returned for insufficient funds. In a letter dated January 18, 2005, CPRS notified McCormick that CCS purchased the unpaid check from 7-Eleven and had hired CPRS to collect the amount in arrears along with an additional $30.00 service charge. According to McCormick, at the time of her transaction, 7-Eleven represented that any checks returned unpaid would be subject to a service charge not to exceed $25.00. On these facts, McCormick claimed Defendants violated the federal Fair

---

[1] Plaintiff has misnamed and served this defendant as "7-11, Inc."

ORDER – PAGE 1

Debt Collection Practices Act (FDCPA) sections 806, 807, and 808.[2]  McCormick asserted state law claims as well, and requested the Court to exercise supplemental jurisdiction over those pursuant to 28 U.S.C. § 1367.  By Order dated October 30, 2006, (Order) this Court decided that under the facts alleged, neither 7-Eleven nor CCS are "debt collectors" under the FDCPA, thereby precluding all FDCPA claims against those parties.  The Court also dismissed the FDCPA claims against CPRS under Sections 806 and 807, but upheld McCormick's claim against CPRS under Section 808 and chose to exercise supplemental jurisdiction over McCormick's state law claims.  The Court subsequently granted McCormick leave to file an Amended Complaint.  Defendants now seek dismissal of claims sets forth in the Amended Complaint for relief under the Texas Debt Collection Act ("TDCA") and the Deceptive Trade Practices Act ("DTPA").  Defendants additionally move for dismissal of McCormick's breach of contract claim and request for declaratory relief.

## II. MOTION TO DISMISS STANDARD

The standard of review applied to a Rule 12(c) motion to dismiss is the same as the standard applied to its counterpart in Rule 12(b)(6).  *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 313 (5th Cir. 2002).  Thus, Rule 12(b)(6) decisions appropriately guide the application of Rule 12(c).  *Id.*  When faced with a Rule 12(b)(6)

---

[2] Section 806 prohibits "a debt collector from engaging in any conduct, the natural consequence of which is to harrass, oppress, or abuse any person in connection with the collection of a debt"; section 807 prohibits "the use of any false, deceptive or misleading representation or means in connection with the collection of a debt"; section 808 prohibits "the use, by a debt collector, of any unfair or unconscionable means to collect or attempt to collect any debt."  *See* 15 U.S.C. §§ 1692d, 1692e, and 1692f, respectively.

motion to dismiss, the Court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). According to the Supreme Court, a viable complaint must include "enough facts to state a claim to relief that is plausible on its face," i.e., "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). A plaintiff is required to provide "more than labels and conclusions, and a formulaic recitation of a cause of action will not do." *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). In ruling on a Rule 12(b)(6) motion, the court must limit its review to the face of the pleadings, accepting as true all well-pleaded facts and viewing them in the light most favorable to the plaintiff. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

### III. MCCORMICK ALLEGES FACTS SUPPORTING THAT CCS AND 7-ELEVEN ARE "DEBT COLLECTORS" UNDER TDCA

This Court previously dismissed McCormick's FDCPA claims against 7-Eleven and CCS, because McCormick failed to allege how those defendants qualified as debt collectors under the federal act. The FDCPA narrowly defines a debt collector to include entities in a business the principal purpose of which is the collection of debts. *See* 15 U.S.C. § 1692a(6). In dismissing McCormick's FDCPA claims against 7-Eleven and CCS, this Court found that she failed entirely to allege that 7-Eleven retained any interest in debt collection once it had sold the defaulted check to CCS. While it was a closer question, this Court also found that

McCormick failed to plead that CCS engaged in the collection of debts as the principal purpose of its business.

Similarly, only parties that fit the statutory definition of "debt collector" are subject to liability under the TDCA. *Catherman v. First State Bank of Smithville*, 796 S.W.2d 299, 302 (Tex. App.–Austin 1990, no writ). However, the definition of debt collector under the TDCA is broader than under the FDCPA. The TDCA defines a "debt collector" to include any person or entity who directly or indirectly engages in any action, conduct or practice in collecting, or in soliciting for collection, consumer debts due a creditor. TEX. FIN. CODE ANN. § 392.001(5)-(6) (Vernon 2006). McCormick alleges conduct by CCS that fits within the Texas statute's definition of a debt collector. Incorporating the CPRS collection letter into her Amended Complaint, McCormick alleges that CCS purchased the check in default, thereby engaging in solicitation of debt under the TDCA. McCormick further alleges that CCS at least indirectly engages in debt collection by presenting itself as a check collection service while forwarding the actual work to its subsidiary CPRS. Unlike the FDCPA, the TDCA does not require that debt collection be the principal business of an entity in order for it to qualify as a debt collector. Accordingly, McCormick adequately pleads that CCS is a debt collector under the TDCA.

McCormick states in the Amended Complaint, "The 7-11 at which the check was written and, upon information and belief, all others, represent through written and posted signs that 7-11 will attempt to collect a charge not to exceed $25.00 on any returned check." Amended Complaint, at ¶ 10.1. The Court finds that the McCormick thereby pleads a fact

that would qualify 7-Eleven itself as a "debt collector" with at least an indirect role in debt collection for purposes of the TDCA.

### IV. MCCORMICK'S CLAIM UNDER TDCA § 392.301(A)(8) IS SUBSTANTIALLY THE SAME AS HER CLAIM UNDER FDCPA § 807

McCormick's claim under TDCA § 392.301(a)(8) mirrors her claim under FDCPA § 807, which this Court earlier dismissed. Section 392.301(a)(8) prohibits a debt collector from threatening to take an action prohibited by law. TEX. FIN. CODE ANN. § 392.301(a)(8) (Vernon 2006). Section 807 of the FDCPA prohibits "false, deceptive, or misleading representation or means in connection with the collection of a debt," including "(5) the threat to take any action that cannot legally be taken." 15 U.S.C. § 1692e. The Court found that McCormick's Section 807 claim under the FDCPA failed because CPRS made no deceptive or misleading statements in its collection letter. In so finding, the Court also implicitly rejected McCormick's related argument that the mere attempt to collect a $30.00 fee, an amount which is arguably in violation of Texas law, constitutes a threat to take an action that cannot legally be taken, under Section 807(5).

The Court does not find convincing McCormick's attempt to equate her Section 392.301(a)(8) claim with an earlier FDCPA § 808 claim, which the Court upheld. Section 808(1) prohibits a debt collector from collecting any amount that is not expressly authorized by the agreement creating the debt or permitted by law. 15 U.S.C. § 1692(f)(1). McCormick argued that the $30.00 fee violated a reasonableness requirement under Texas law, and thereby violated Section 808 for collecting an amount not permitted by law. Even if that is the case, attempting to collect a fee that is ultimately impermissible for being unreasonable,

and thereby in violation of Section 808(1), is not equal to "threatening to take an action prohibited by law," under section 807(5) and, through similar language, under TDCA § 392.301(a)(8). There is no reason to believe that the protections of Section 807(5) and Section 808(1) of the FDCPA are two different ways of saying the same thing. Since TDCA § 392.301(a)(8) echoes the language of FDCPA § 807(5) rather than Section 808(1), and the Court earlier dismissed McCormick's Section 807 claim, the Court accordingly dismisses the TDCA § 392.301(a)(8) claim as well.

### V. MCCORMICK ADEQUATELY PLEADS THE REST OF HER TDCA CLAIMS

The Court declines to dismiss the remainder of McCormick's TDCA claims. None of the Court's previous findings with regard to the federal claims precludes McCormick from establishing her state-law based complaints. McCormick claims that Defendants failed to disclose clearly the name of the party to whom the debt has been assigned or is owed when making a demand for money (Section 392.304(a)(4)); used a written communication that fails to indicate clearly the name of the debt collector (Section 392.304(a)(6)); misrepresented the character, extent, or amount of a consumer debt (Section 392.304(a)(8)); used false representations or deceptive means to collect a debt (Section 392.304(a)(19)); or represented that a consumer debt may be increased by the addition of service fees or other charges unless authorized to do so by a written contract or statute (Section 392.304(a)(12)). TEX. FIN. CODE ANN. § 392.304(a)(4), (6), (8), (12) (19) (Vernon 2006).

McCormick pleads sufficient facts through her incorporation of the collection letter to support her claims under Sections 392.304(a)(4) and 392.304(a)(6). She also states a

ORDER – PAGE 6

claim for misrepresentation and deceptive means in debt collection under TDCA §§ 392.304(a)(8) and 392.304(a)(19), notwithstanding that the Court dismissed her similar FDCPA claims. The Court dismissed the earlier federal claims because it found that CPRS itself made no deceptive or misleading statements, and it had already dismissed claims against the other Defendants for not qualifying as debt collectors. Order at 8. The Court nonetheless agreed with McCormick's contention that charging a $30.00 processing fee after advertising only a $25.00 fee could be characterized as deceptive or misleading. *Id.* In this instance, because McCormick has alleged facts to support 7-Eleven's liability under the TDCA, and alleged that signs in that store represented that no fee would exceed $25.00 on any returned check, she presents a colorable claim for misrepresentation in debt collection under TDCA §§ 392.304(a)(8) and 392.304(a)(19). Finally, McCormick's claim under Section 392.304(a)(12) corresponds in substance with her claim under Section 808(1) of the FDCPA, which the Court earlier upheld.

### VI. MCCORMICK DOES NOT QUALIFY AS A DTPA CONSUMER BUT CAN NONETHELESS SEEK RELIEF FOR DTPA VIOLATIONS INDIRECTLY

McCormick cannot directly allege claims under the DTPA because she does not plead facts qualifying her as a consumer under the statute. Only a "consumer" may maintain a cause of action under the DTPA, as that term is defined in Section 17.45(4). *Riverside Nat'l Bank v. Lewis*, 603 S.W.2d 169, 173 (Tex. 1980). To qualify as one, a plaintiff must (1) seek or acquire goods or services by purchase or lease and (2) the goods or services sought or acquired must form the basis of her complaint. *Melody Homes Mfg. Co. v. Barnes*, 741 S.W.2d, 351-52 (Tex. 1987). Presuming that the check McCormick wrote to 7-Eleven was

ORDER – PAGE 7

for the purchase of goods, thereby satisfying the first requirement, she ultimately fails to allege that these goods form the basis of her complaint.

The basis of McCormick's complaint is the fee collection on her defaulted check which took place after her purchase. While the Court agrees with McCormick that the terms upon which 7-Eleven purported to accept Plaintiff's check clearly *related* to a transaction for the purchase of goods, Response at 16 (emphasis added), this relationship is not substantial enough. The Texas Supreme Court has held that when extension of credit is incident to the sale of goods, and the conduct of the party who extended the credit is so "inextricably intertwined" with the sale, both the seller and the lender are liable to the plaintiff under the DTPA. *See Knight v Int. Harvester Credit Corp.*, 627 S.W.2d 382, 388-89 (Tex. 1982). A creditor may be inextricably intertwined in the transaction so as to confer consumer status on a party if the extension of credit forms the means of making the sale or purchase from the buyer's perspective. *Brown v. Bank of Galveston, Nat. Ass'n*, 930 S.W. 2d 140, 144 (Tex. App. – Houston [14th Dist.] 1996), *aff'd as modified*, 963 S.W.2d 511 (Tex.1998), *abrogated on different grounds by Ford Motor Co. v. Ledesma*, 242 S.W.3d 32 (Tex. 2007) (citing *Fleniken v. Longshore Bank & Trust Co.*, 661 S.W.2d 705 (Tex. 1983)). In *Fleniken*, the bank's financing was a precondition to the construction of the house, the "good" that those Plaintiffs sought. In contrast, nothing in the McCormick's Amended complaint suggests that the defaulted check collection procedure in this case was a type of financing that made her purchase of the 7-Eleven goods possible in the first place. The mere possibility of collection on a defaulted check was thus not "inextricably intertwined" with any transaction for goods

between McCormick and 7-Eleven, and McCormick fails to plead facts that could establish her as a consumer vis-a-vis the Defendants for her DTPA claims.

McCormick's DTPA claims nonetheless survive, because her allegations of deceptive trade practices are actionable not only under the DTPA directly, but also pursuant to a remedies provision of the TDCA, which provides "A violation of this chapter [the TDCA] is a deceptive trade practice under Subchapter E, Chapter 17, Business & Commerce Code, and is actionable under that subchapter." TEX. FIN. CODE ANN. § 392.404(a) (Vernon 2006), referring to Subchapter E of the DTPA. McCormick brings claims under Section 17.46(b)(2), (5), (12) and Section 17.50 (a)(3), all of which are within Subchapter E of the DTPA. *See* TEX. BUS. & COM. CODE ANN. § 17 (Vernon 2006). There is nothing in the language of TDCA § 392.404(a) that suggests it would incorporate the DTPA consumer standing requirement. Such a requirement would render the TDCA meaningless as a separate remedy for the same violations. Accordingly, though McCormick fails to plead consumer status under the DTPA, her existing TDCA claims are actionable as DTPA violations through TDCA § 392.404(a), with all appropriate remedies available under Subchapter E of the DTPA and without regard to DTPA consumer status.

### VII. MCCORMICK STATES A CLAIM FOR BREACH OF CONTRACT

McCormick adequately pleads the existence of a contract for purposes of a breach of contract claim. Federal Rule of Civil Procedure 8(a) requires only a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). This requirement is designed to "give the defendant fair notice of what the plaintiff's claim

is and the grounds upon which it rests." *Gen. Elec. Capital Corp. V. Posey*, 415 F.3d 391, 396 (5th Cir. 2005). McCormick's statement in the Amended Complaint at ¶ 44 is sufficient to give defendant fair notice of a breach of contract claim. McCormick alleges facts about the sale transaction and signs at the 7-Eleven representing that collection fees on returned checks would not exceed $25.00, Amended Complaint at ¶ ¶ 10, 10.1., allegations which suffice to make the asserted breach of contract claim at least "plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007).

## CONCLUSION

Accordingly, for the reasons given above, the Court grants Defendants' motion to dismiss McCormick's TDCA § 392.301(a)(8) claim and any claims brought directly under the DTPA, but denies the motion to dismiss with regard to all other claims. Lastly, the Court finds that declaratory relief under 28 U.S.C. § 2201 is unnecessary in this case, because Plaintiff's other claims will afford her full relief. Federal courts should refuse to grant declaratory relief where another remedy will be more effective or appropriate under the circumstances. *Dresser Indus., Inc. v. Ins. Co. of N. America*, 358 F. Supp. 327, 330 (N.D. Tex. 1973). The Court accordingly grants the motion to dismiss McCormick's declaratory judgment claim.

Signed September 29, 2008.

David C. Godbey
United States District Judge